FILED
U.S. DISTRICT COURT
2008 FEB -8 PM 2:51
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AGRICULTURAL PRODUCTS )
EXTENSION, LLC, )
    )
    Plaintiff, )
    )
v. ) CASE NO. CV607-49
    )
GREG JARRIEL, AG STORAGE )
AND TRANSFER, INC., and )
N.T.F.C., INC., )
    )
    Defendants. )
    )

## O R D E R

Before the Court are Defendants' Motions to Dismiss for lack of subject matter jurisdiction. For the reasons that follow, Defendant Greg Jarriel's Motion to Dismiss (Doc. 11) is **DENIED**; Defendant AG Storage and Transfer, Inc.'s Motion to Dismiss (Doc. 14) is **GRANTED**, and Defendant N.T.F.C., Inc.'s Motion to Dismiss (Doc. 17) is **GRANTED**.

### BACKGROUND

The issue in this case is whether Plaintiff's claims exceed the jurisdictional amount of $75,000 required for federal diversity jurisdiction.

According to the Complaint, Defendant AG Storage and Transfer, Inc. ("AG Storage") owned and operated a warehouse in Tattnall County, Georgia, which was used to store agricultural products. On July 23, 2003, Defendant Greg

Jarriel, C.E.O. of AG Storage, and Plaintiff Agricultural Products Extension, LLC ("APEX") executed a Letter of Intent outlining an agreement for the sale of the warehouse to APEX for $800,000. (Compl., Ex. A.) Jarriel and APEX also allegedly entered into an oral agreement that APEX would pay Jarriel an additional $100,000 at the deal's closing. (Compl. ¶ 13.)

After the Letter of Intent was executed, Jarriel contacted APEX on several occasions to request an advance of the $100,000 he was to receive at closing. APEX then made the following payments to Defendants, allegedly at Jarriel's express direction:

(1) $20,000 to AG Storage on August 1, 2003;
(2) $15,000 to Defendant N.T.F.C., Inc. ("NFTC")[1] on October 3, 2003;
(3) $10,000 to NFTC on October 6, 2003;
(4) $5,000 to Jarriel on October 17, 2003; and
(5) $50,000 to Jarriel on November 7, 2003.

After this $100,000 was advanced, APEX told Jarriel that it would advance no more money. (Compl. ¶¶ 14-24.)

When the sale of the warehouse failed to close due to environmental problems at the site, APEX demanded that Jarriel return the $100,000 advance. APEX contends that the advance

---

[1] Jarriel is the registered agent for Defendant N.T.F.C., Inc. ("NTFC"). NTFC was a corporation that existed under the laws of the State of Georgia until it was dissolved in 2005. NTFC's principal place of business was in Tattnall County, Georgia. (Compl. ¶ 9.)

2

money was contingent on the closing. Jarriel denies that he owes APEX any money.

On July 31, 2007, APEX filed a Complaint in this Court against Jarriel, AG Storage, and NTFC alleging unjust enrichment and money had and received. The three Defendants have moved to dismiss the Complaint for lack of subject matter jurisdiction. They contend that the amount in controversy is less than $75,000, as required by 28 U.S.C. § 1332, because APEX paid, in total, only $55,000 to Jarriel, $20,000 to AG Storage, and $25,000 to NTFC. In response, Plaintiff argues that Defendants are jointly liable for the alleged debt and that the amount in controversy therefore exceeds $75,000.

**STANDARD OF REVIEW**

A motion to dismiss for lack of subject matter jurisdiction challenges the authority of the court to hear and decide the case before it. Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: "facial attacks" and "factual attacks." Garcia v. Copenhaver, Bell & Assoc., 104 F.3d 1256, 1261 (11th Cir. 1997). A facial attacks on the complaint "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525,

1529 (11th Cir. 1990)(quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)[2]). A factual attack, on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. Moreover, a "factual attack" under Rule 12(b)(1) may occur at any stage of the proceedings, and the plaintiff bears the burden of proving that jurisdiction does in fact exist. Menchaca, 613 F.2d at 511.

In the instant case, Defendants challenge the Court's subject matter jurisdiction without disputing any of the alleged facts in the Complaint and without raising matters outside of the pleadings. Therefore, they have brought a facial attack on subject matter jurisdiction, and, accordingly, the Court will consider the allegations of the Complaint as true for purposes of deciding this issue. See Lawrence, 919 F.2d at 1529.

## ANALYSIS

All parties agree that no individual defendant was advanced more than $55,000. Therefore, the issue is whether

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

the sums advanced to the three separate Defendants may be aggregated to exceed the jurisdictional amount of $75,000.

I. **Claims Against Defendant Jarriel**

The general rule with respect to the aggregation of claims against two or more defendants is that "where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate." Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961)(internal quotations omitted); see also E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 933 (2d Cir. 1998). However, claims against two or more defendants "can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff." Jewell, 290 F.2d at 13 (emphasis added).

Plaintiff's Complaint enumerates one count of unjust enrichment and one count of money had and received. Both of these causes of action are based upon equitable principles. "The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." Tidikis v. Network for Med. Commc'ns & Research LLC, 274 Ga. App. 807, 811, 619 S.E.2d 481 (2005). Under the

5

theory of unjust enrichment, "a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received." Jackson v. Ford, 252 Ga. App. 304, 308, 555 S.E.2d 143 (2001).

A cause of action for money had and received is also based upon the principle that "no one ought to unjustly enrich himself at the expense of another," and an action is maintainable "where the defendant has received money under such circumstances that in equity and good conscience he ought not to retain it and which in equity and good conscience the plaintiff is entitled to recover." Sheehan v. City Council of Augusta, 71 Ga. App. 233, 30 S.E.2d 502, 506 (1944). In such an action, "the pleadings must allege and the proof must show that the money or its equivalent was actually received by the defendant or his agent." Dell v. Kugel, 99 Ga. App. 551, 558, 109 S.E.2d 532 (1959). In most situations, "[w]here more than one person is sued, a joint recovery of whole amount against all will not be authorized, unless it appears that all received the money jointly, and if it was not so received, plaintiff can only recover from each defendant separately the amount shown to have come into his hands." Id.

However, "[w]here one incurs expense at the request of another for the latter's benefit the law implies a promise to pay, and the fund may be recovered 'as money laid out and

expended for the other's use.'" Jennings v. Stewart, 106 Ga. App. 689, 689-690, 127 S.E.2d 842, 843 (1962)(quoting Birmingham Lumber Co. v. Brinson, 94 Ga. 517, 20 S.E. 437 (1894)). "One who has paid money for the use or benefit of another to a third person may recover from that other the money so paid, if such payment was made at that other's express or implied request, with an understanding, express or implied, on the part of the defendant to repay it." 42 C.J.S. Implied Contracts § 3 (2007); see also Jennings, 106 Ga. App. at 690. "[I]f one requests another to pay money for him or her to a stranger, . . . the amount, when paid, is a debt due to the party paying from him or her at whose request it is paid. . . . It is wholly immaterial whether the money is paid in discharge of a debt due to the stranger, or as a loan or gift to him or her." 66 Am. Jur. 2d Restitution and Implied Contracts § 171 (2007).

This is the situation implicated by the claim against Jarriel in this case. APEX sought to confer a benefit on Jarriel by advancing him $100,000. Jarriel allegedly directed APEX to confer this benefit on him by paying a portion of the advance to third parties – AG Storage and NTFC. But even though some of the payments were made to AG Storage and NTFC, APEX allegedly incurred these expenses for Jarriel's benefit and at his express request. Therefore, the Complaint alleges

7

an implied promise that Jarriel would return the money if the deal did not close. For this reason, the Complaint sets forth a cause of action that, if proven, would make Jarriel liable for the full $100,000.[3] Accordingly, the claim against Defendant Jarriel exceeds the $75,000 jurisdictional minimum, and Jarriel's Motion to Dismiss must be **DENIED**.

## II. Claims Against AG Storage and NTFC

Because of Jarriel's central role in negotiating a $100,000 advance for his own personal benefit and directing the payment of those funds to himself and the other Defendants, the Court has found that he may be liable for the full $100,000. But neither AG Storage nor NTFC are similarly situated. They received $20,000 and $25,000 from APEX, respectively, but there is no alleged connection between either of these Defendants and the monies advanced to the other Defendants. The Complaint is devoid of any facts that would make either AG Storage or NTFC jointly liable for the

---

[3] Defendants contend a full recovery from Jarriel is precluded by the Statute of Frauds, which requires a writing to enforce a promise to pay for the debt of another. O.C.G.A. § 13-5-30(2). The equitable doctrine explained above, however, does not implicate the Statute of Frauds. Because the money was paid for Jarriel's benefit and at his express request, the Complaint alleges that it was Jarriel's own debt and not the debt of another. See 66 Am. Jur. 2d Restitution and Implied Contracts § 171 (2007)("[T]he amount, when paid, is a debt due . . . from him or her at whose request it is paid. . . .").

8

full $100,000. For this reason, the Court finds that the claims against AG Storage and NTFC are for less than the jurisdictional amount. Therefore, as explained below, the claims against these Defendants must be dismissed for lack of subject matter jurisdiction.

Rule 20(a) allows a plaintiff to join multiple defendants in a single action for claims against them arising out of the same transaction or occurrence. However, under 28 U.S.C. § 1367(b), a court may not exercise supplemental jurisdiction over claims against persons made parties under Rule 20 if jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332, which includes the amount in controversy requirement. See C.D.S. Diversified, Inc. v. Franchise Fin. Corp., 757 F. Supp. 202, 206 (D.N.Y. 1991); accord North Am. Mech. Servs. Corp. v Hubert, 859 F. Supp. 1186, 1187-1188 (C.D. Ill. 1994); Jewell, 290 F.2d at 13 ("[T]he test of jurisdiction is the amount of each claim, and not their aggregate."); see also, generally 16 James Wm. Moore et al., Moore's Federal Practice § 106.45[3] (3d ed. 2002)("The courts that have decided this issue have uniformly held that the supplemental jurisdiction statute does not provide supplemental jurisdiction for the insufficient claim. . . ."). Accordingly, the Court may not exercise jurisdiction over the claims against AG Storage and NTFC

merely because the Court has jurisdiction over the claim against Jarriel.

## CONCLUSION

AG Storage and NTFC's Motions to Dismiss are **GRANTED**, and these Defendants are **DISMISSED** from this action. Defendant Greg Jarriel's Motion to Dismiss is **DENIED**.

SO ORDERED this **8th** day of February, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA